UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW R. PERRONG,

                        Plaintiff,

         -against-

BRIEF CALL, INC., et al.,

                        Defendants.

22 Civ. 4128 (PGG)

**ORDER**

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff brings this action pro se. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed in forma pauperis ("IFP") application. See 28 U.S.C. §§ 1914, 1915.

        Plaintiff submitted with his complaint a personal check in the amount of $402.00. A personal check, however, is not an acceptable form of payment. The Court therefore directs the Clerk of Court to return to Plaintiff his personal check.

        The Court directs Plaintiff, without 30 days, to pay the $402.00 in fees using an acceptable payment method. A plaintiff can pay the filing fees with a certified bank check or money order (payable to the "Clerk of Court-S.D.N.Y."), either in person or by mail to: Cashiers, Room 120, 500 Pearl Street, New York, NY 10007. Plaintiff should also indicate when submitting payment that it is for the action under this docket number, 22-CV-4128 (PGG). Alternatively, the filing fees can be paid in cash or with a credit card, in person at one of the courthouses. Further information concerning means of payments is available from the Clerk's Office.

## **CONCLUSION**

The Clerk of Court is directed to return to Plaintiff his personal check for $402.00.  The Court directs Plaintiff to submit the $402.00 in fees for this civil action using an acceptable method of payment.  Plaintiff must tender payment within 30 days of the date of this order.

If Plaintiff fails, within 30 days of the date of this order, either to pay the filing fees using an acceptable form of payment or to submit an IFP application, the action will be dismissed without prejudice to Plaintiff's refiling it.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:  New York, New York
       June 1, 2022

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge