IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW R. PERRONG<br><br>      Plaintiff<br><br>v.<br><br>BRIEF CALL INC.<br><br>ET AL.<br><br>      Defendants. | Case No. 1:22-cv-04128-PGG-SN<br><br>JURY TRIAL DEMANDED |

### NOTICE OF MOTION TO STRIKE *PRO SE* "MOTION TO DISMISS ALL CHARGES" FILED BY CORPORATE DEFENDANT BRIEF CALL INC

The Plaintiff in the above matter respectfully moves this Court to strike the *pro* se "Motion to Dismiss All Charges" of corporate defendant Brief Call Inc ("Brief Call") and order Brief Call to file an appropriate responsive pleading within fourteen days. As to the reasons therefore, the Plaintiff relies upon the attached Brief in Support, which is incorporated herein.

Dated: **August 3, 2022**

_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW R. PERRONG<br><br>  Plaintiff<br><br>v.<br><br>BRIEF CALL INC.<br><br>ET AL.<br><br>  Defendants. | Case No. 1:22-cv-04128-PGG-SN<br><br>JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE *PRO SE*
"MOTION TO DISMISS ALL CHARGES" FILED BY
<u>CORPORATE DEFENDANT BRIEF CALL INC</u>**

On May 19, 2022, Plaintiff filed a complaint against Defendants Brief Call Inc., the New York Veteran Police Association, and Louis Telano, alleging claims against each of them for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. *See* ECF No. 1. On July 14, 2022, Plaintiff effected service of process upon Brief Call by personal service upon an individual named "Lisa Doe" who was a manager at Defendant Brief Call's address. Plaintiff mailed the affidavit of service, signed by Anthony McCreath, a New York licensed process server, to the *pro se* intake unit on July 29, 2022, but it has not yet been docketed.

Brief Call, as a corporation, "cannot proceed *pro se.*" *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (quoting *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir.1967)). Brief Call's owner, Michael Brumant, admits the same in his pleading, but nevertheless purports that Brief Call should be exempt from this well-settled rule because it deems itself special. *See* ECF No. 10 ("An order from this Court for Brief Call Inc. to retain and pay a licensed attorney would be a waste of court time and resources.").

1

The sentiment that a corporation may only be represented by an attorney reflects the ancient common law tradition that a corporation, as a distinct legal entity from its owner, cannot proceed in court represented by its non-attorney owner, as related by former Chief Justice John Marshall in *Osborne v. Bank of the United States:* "A corporation . . . can appear only by attorney." 22 U.S. 738, 830 (1824). The precedent applying this rule is voluminous and well-settled. *See, e.g.*, *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richard & Co.*, 39 U.S. 60, 10 L. Ed. 354 (1840); *Strong Delivery Ministry Ass'n v. Board of Appeals of Cook Cty.*, 543 F.2d 32 (7th Cir. 1976) ("a corporation cannot appear without an attorney"); *Schreibman v. Walter E. Heller & Co*, 585 F.2d 7 (1st Cir. 1978) (*cert. denied*); *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426 (2d. Cir. 1967); *Flora Constr. Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413, 414 (10th Cir. 1962).

Accordingly, Plaintiff requests that the Court order the Defendant to obtain counsel and file a responsive pleading within 14 days of the same.

Finally, while Brief Call's "Motion to Dismiss All Charges" is a legal nullity, the Plaintiff would like to address a few of the assertions made therein.

*First*, Brief Call claims that the Plaintiff failed to produce evidence of proper service of process. However, as explained herein, Plaintiff mailed the affidavit of service to the *pro se* intake unit on July 29 and it had not yet been docketed at the time of Defendant's pleading. Nevertheless, the affidavit indicates that Brief Call was served with the summons and complaint through its manager, "Lisa Doe," and apparently has actual knowledge of the lawsuit.[1] Plaintiff

---

[1] As an aside, Defendant Brief Call failed to execute a waiver of service that was sent to it. Plaintiff intends to seek the Court's intervention under FED. R. CIV. P. 4(d)(2)(A) for the expenses incurred in making service should Defendant refuse to pay Plaintiff's costs in effectuating the same.

therefore properly effectuated service of process under FED. R. CIV. P. 4(h)(1)(B).

*Second*, Brief Call claims that it is not "responsible" for any of the alleged calls placed to him. This argument fails as Plaintiff has alleged in his complaint that Brief Call placed the calls at issue. Not only does Plaintiff allege that Brief Call placed the calls at issue, he also alleges he received documentation in the mail which confirms that the calls were placed by Brief Call. *See* Compl., ECF 1 at ¶¶ 24, 25, 46. Because the TCPA prohibits "any person" from "mak[ing] a call," and Plaintiff has alleged that Brief Call made the calls, this argument fails. *See generally* 47 U.S.C. § 227(b)(1)(A).

Furthermore, Brief Call's arguments that this court lacks federal question jurisdiction similarly fail because the Supreme Court has already held that federal courts have subject matter jurisdictions over TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012). And this Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same operative facts, the illegal telephone calls, as the facts supporting federal question jurisdiction. 28 U.S.C. § 1367(a).

*Third*, Brief Call claims it is "exempt" from the TCPA because it was calling on behalf of a tax-exempt nonprofit organization. However, the TCPA's nonprofit exemption does not apply to prerecorded calls under Section 227(b) of the TCPA, as alleged here. *Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (rejecting claim that non-commercial political survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and pre-recorded voice calls to a variety of telephone numbers."). To hold otherwise would read the words "any person" and "any call" out of the statute. Second, with respect to Do Not Call Registry claims under Section 227(c), as also alleged in the complaint, other District Courts have held that the nonprofit

exemption is an affirmative defense that is inappropriate for adjudication at the pleadings stage when (as here) it is alleged that the nonprofit organization is a sham. *See, e.g.*, *Bennett v. Veterans Aid PAC, Inc.*, No. 4:21-CV-340, 2021 WL 3287704, at *1 (E.D. Tex. Aug. 2, 2021).

*Fourth*, Brief Call's assertions that Plaintiff lacks standing are incorrect. Far from "making a living" by litigating TCPA suits, Plaintiff is a student at Temple University Beasley School of Law. The calls he received disrupted those pursuits, in addition to causing the Plaintiff to incur charges to receive them. Nor are his academic pursuits a mere front to which he devotes no real time. Plaintiff has participated in or led multiple student organizations, including Law Review, Moot Court Competition Team, and he earned the Barrister's Award in the Integrated Trial Advocacy ("ITAP") program. Moreover, Plaintiff works providing computer services through his company and devotes time to community service. Thus, it is neither true nor plausible that Plaintiff suffered no injury-in-fact from receiving these calls.

Furthermore, Plaintiff seeking to vindicate his right not to receive unwanted calls placed to him in violation of the TCPA does not deprive Plaintiff of standing, regardless of how little he was charged for them. As Judge Pratter in the Eastern District of Pennsylvania held last year in a TCPA case involving Plaintiff, "The TCPA does not contain a 'de minimis' charge below which a plaintiff cannot state a claim. So, any charge—even the fractional $0,017 Mr. Perrong alleges he was charged for the subject call—suffices." *Victory Phones*, 2021 WL 3007258, at *7.

## CONCLUSION

Plaintiff will respond to any appropriately filed motion and address any arguments why the case should be dismissed, despite Defendant inappropriately contacting numbers on the National Do Not Call Registry and using pre-recorded messages like the one that began Mr. Perrong's calls, in order to defend his rights to pursue this lawsuit. However, as the instant motion has been improperly filed and brought by a corporation proceeding *pro se*, this Court must strike these improperly-filed pleadings (ECF Nos. 9 and 10) and order Defendant to seek counsel and file a responsive pleading to the Complaint within 14 days of the date of its order.

Dated: **August 3, 2022**

_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2022, a copy of the foregoing was mailed via first-class postal mail with the *pro se* intake unit of the United States District Court for the Southern District of New York and served by first-class postal mail on anyone unable to accept electronic filing, including the *pro se* Defendant Brief Call Inc.

_____
Andrew R. Perrong
*Plaintiff Pro-Se*
