```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/13/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANDREW R. PERRONG,

                         **Plaintiff,**

          -against-

BRIEF CALL, INC., NEW YORK
VETERAN POLICE ASSOCIATION, and
LOUIS TELANO,

                         **Defendants.**

-----------------------------------------------------------------X

22-CV-04128 (PGG)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

       Defendant Brief Call Inc. ("Brief Call") moves to set aside the Clerk's Certificate of Default entered in this action. ECF No. 31. Defendant's motion is GRANTED.

       Plaintiff filed the complaint on May 19, 2022. ECF No. 1. On August 2, 2022, Brief Call filed a *pro se* motion to dismiss. ECF Nos. 9, 10. The Court denied that motion on the grounds that a corporation may not proceed *pro se* and granted Brief Call leave to obtain counsel and respond to the complaint no later than September 7, 2022. ECF No. 16. Brief Call made no such filing, and on November 29, 2022, the Clerk of Court issued certificates of default as to Brief Call and Defendant New York Veteran Police Association ("NYVPA"). ECF Nos. 31, 32.

       On December 6, 2022, Counsel filed a notice of appearance on behalf of Brief Call. ECF No. 34. On December 16, 2022, Plaintiff moved for default judgment against Brief Call and NYVPA. ECF Nos. 35-37. Brief Call then filed a motion to set aside the Clerk's Certificate of Default. ECF No. 38.

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001); see also Crawford v. Nails on 7th By Jenny Inc., 18-cv-9849 (ER), 2020 WL 564059, at *2 (S.D.N.Y. Feb. 5, 2020) ("Motions to set aside default judgments should be granted liberally."). "Because there is a preference for resolving disputes on the merits, doubts should be resolved in favor of the defaulting party." Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) (internal quotation marks omitted). "Default judgment is an extreme sanction that is disfavored in the Second Circuit." Glob. Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 383 (S.D.N.Y. 2013).

Brief Call, through counsel, has now appeared in this action. Given their initial *pro se* status and the Court of Appeals' "clear preference . . . for cases to be adjudicated on the merits," the Court sets aside the Clerk's Certificate of Default as to Brief Call and, accordingly, denies as moot Plaintiff's motion for default judgment as to Brief Call. Brief Call is directed to answer or otherwise move against the complaint no later than May 4, 2023.

The Court defers a decision on Plaintiff's motion for default as to New York Veteran Police Association.

The Clerk of Court is respectfully directed to terminate the gavels at ECF Nos. 35, 37, 38, and 41.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:     April 13, 2023
           New York, New York