UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW R. PERRONG,

                        Plaintiff,

       -against-

BRIEF CALL, INC., NEW YORK
VETERAN POLICE ASSOCIATION, and
LOUIS TELANO,

                      Defendants.

**MEMORANDUM**
**OPINION & ORDER**

22 Civ. 4128 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, pro se Plaintiff Andrew Perrong brings claims pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the TCPA's implementing regulations, 47 C.F.R. § 64.1200, and the Pennsylvania Telemarketer Registration Act, 73 Pa. Stat. Ann. § 2241 et seq., against Defendants Brief Call Inc., the New York Veteran Police Association (the "Veteran Police Association"), and Louis Telano (collectively "Defendants") related to three telemarketing calls that Plaintiff received in April 2022.

        On May 4, 2023, Defendant Brief Call moved to dismiss the TCPA claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 44) On May 30, 2023, this Court referred Brief Call's motion to Magistrate Judge Netburn for a Report and Recommendation ("R&R"). (Dkt. No. 46) On August 7, 2023, Judge Netburn issued an R&R recommending that this Court deny Brief Call's motion to dismiss. (Dkt. No. 48) Brief Call filed timely objections to the R&R on August 21, 2023. (Dkt. No. 49)

        For the reasons set forth below, Brief Call's objections will be overruled, the R&R will be adopted in its entirety, and Brief Call's motion to dismiss will be denied.

## BACKGROUND

I. **FACTS**[1]

Plaintiff is a Pennsylvania resident. (Cmplt. (Dkt. No. 1) ¶ 7) Brief Call is a New York corporation with a registered agent address in New York. (Id. ¶ 8) The Veteran Police Association is a New York-based non-profit corporation. (Id. ¶ 9) Louis Telano is a New York resident and the "principal" of the Veteran Police Association. (Id. ¶¶ 5, 10) The Defendants are not registered as telemarketers with the Attorney General of Pennsylvania. (Id. ¶ 26)

The Complaint alleges that Defendants Telano and the Veteran Police Association hired Brief Call – a "professional telemarketer and solicitor" – to "conduct a telemarketing campaign to solicit 'donations' for their nonprofit." (Id. ¶¶ 24-25) According to the Complaint, the Veteran Police Association is a "sham charity," and "only a fraction of [the] donations [made to it] flow to policemen and veterans. The majority flows into the coffers of Telano and professional telemarketers he hired, including, at issue here, Brief Call." (Id. ¶¶ 3, 28)

On April 10, 2022, at 12:47 p.m., Brief Call called Plaintiff at his 212-338-XXXX number (the "338 Number"). (Id. ¶ 37) Plaintiff did not answer, and Brief Call left no voicemail message. (Id. ¶ 39) That same day, at 5:24 p.m., Brief Call called the 338 Number again, and "when the Plaintiff answered, a prerecorded message began playing." (Id. ¶¶ 41, 43) The message stated:

> Hi. My name is Steve. I'm calling on behalf of the Veteran Police Association, the VPA. The reason for the call is to remind residents that the Veteran Police Association is having its annual drive. Funds raised will help the widows and orphans of officers tragically killed in the line of duty, and also support MADD, Mothers Against Drunk Driving. When you receive your pledge kit, can we count

---

[1] The facts set forth in this Order are drawn from the Complaint and documents incorporated in it by reference, and are presumed true for purposes of resolving Brief Call's motion to dismiss. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

> on you to make a commitment to support the Veteran Police Association this year?

(Id. ¶ 44)

Plaintiff "requested that [Defendants] send him documentation in the mail regarding the charity to ascertain the identity of the caller." "The documentation Plaintiff received identified Defendant [Veteran Police Association], named Defendant Telano as responsible, and also stated that Defendant Brief Call placed the calls at issue." (Id. ¶¶ 45-46)

On Easter Sunday, April 17, 2022, at 12:12 p.m., Brief Call called Plaintiff at his 212-947-XXXX number (the "947 Number"). (Id. ¶ 48) When Plaintiff answered, "an identical prerecorded message to the one on April 10 was played." (Id. ¶ 49)

Both the 338 Number and the 947 Number are assigned to a Voice over Internet Protocol ("VoIP") telephone service, which charges the recipient for each received call. (Id. ¶¶ 32-33) Both numbers were on the Pennsylvania and national do-not-call registries at the time of the calls. (Id. ¶ 30) Plaintiff "never provided his consent or requested these calls." (Id. ¶ 60)

Plaintiff asked Defendants to place him on their do-not-call list, and to send him a copy of Defendants' do-not-call policy. Plaintiff "never received anything." (Id. ¶ 62)

The Complaint alleges that Brief Call violated (1) the TCPA when it called Plaintiff using an "artificial or prerecorded voice" (id., ¶¶ 65-69 (Count One)); (2) the TCPA when it called Plaintiff using an "automated telephone dialing system" (id. ¶¶ 70-74 (Count Two)); (3) the Pennsylvania Telemarketer Registration Act by "placing . . . telemarketing calls to the Plaintiff without registering as telemarketers under Pennsylvania law" (id. ¶¶ 75-79 (Count Three)); and (4) the TCPA's implementing regulations by (a) "placing . . . calls to the Plaintiff, whose numbers are on the Do-Not-Call registry"; (b) "failing to have a written Do-Not-Call

3

policy"; and (c) "failing to maintain Plaintiff on their Do-Not-Call list." (Id. ¶¶ 80-84 (Count Four))

## II. PROCEDURAL HISTORY

The Complaint was filed on May 19, 2022 (Dkt. No. 1), and on June 27, 2022, this Court referred the case to Judge Netburn for general pretrial supervision. (Dkt. No. 6)

The Clerk of Court issued a summons to each Defendant on June 28, 2022. (Dkt. No. 7) Brief Call was served on July 14, 2022 (Dkt. No. 11), and the Veteran Police Association was served on July 26, 2022 (Dkt. No. 13) Defendant Telano has not been served.

The Clerk of Court issued a certificate of default as to the Veteran Police Association on November 29, 2022 (Dkt. No. 32), and Plaintiff moved for a default judgment against that Defendant on December 16, 2022. (Dkt. Nos. 35-37) On April 13, 2023, Judge Netburn entered an order deferring decision on the motion for a default judgment. (Dkt. No. 43)

Brief Call moved to dismiss on May 4, 2023. (Dkt. No. 44) Plaintiff filed his opposition brief on May 24, 2023 (Dkt. No. 45), and Brief Call filed a reply on May 31, 2023. (Dkt. No. 47)

On May 30, 2023, this Court referred Brief Call's motion to dismiss to Judge Netburn for an R&R. (Dkt. No. 46) In an August 7, 2023 R&R, Judge Netburn recommends that Brief Call's motion be denied. (Dkt. No. 48) Brief Call filed objections to Judge Netburn's R&R on August 21, 2023. (Dkt. No. 49)

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Review of Magistrate Judge's Report & Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

4

magistrate judge." 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), a party may submit objections to the magistrate judge's R&R. Any objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where, as here, a timely objection has been made to a magistrate judge's R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (second alteration in Phillips). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, [courts] will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)

(citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003) and Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, . . . 'rehashing . . . the same arguments set forth in the original petition." (quotation marks and citations omitted)).

B. **Rule 12(b)(6) Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the complaint[,]" Kassner, 496 F.3d at 237 (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests," Port Dock & Stone Corp. v. Oldcastle Northeast Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish an entitlement to relief]." Iqbal, 556 U.S. at 678.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco

6

v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) and Hayden v. Cty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)). "Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).

Where a party moving to dismiss cites to material that is outside the pleadings and is not incorporated by reference, the Court must either exclude that material and disregard it for purposes of the motion to dismiss or "'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" Kopec v. Coughlin, 922 F.2d 152, 154 (2d Cir. 1991) (quoting Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)).

## II.  BRIEF CALL'S OBJECTIONS TO THE R&R

### A.  Plaintiff's Consent

In her R&R, Judge Netburn states that "'Plaintiff never consented to receiving . . . calls [from Brief Call].'" (R&R (Dkt. No. 48) at 2)  Brief Call objects, noting that the Complaint alleges that Plaintiff "answered one of the calls, spoke to a representative, and requested further information be communicated to him." (Brief Call Obj. (Dkt. No. 49) at 1)  According to Brief Call, Plaintiff's actions constitute "nothing short of an overt invitation to receive phone calls and information from the Defendant." (Id.)

The Complaint's allegations that Plaintiff answered a call from Brief Call on April 10, 2022, and requested that Brief Call forward "documentation" concerning the Veteran Police Association, do not demonstrate that Plaintiff consented to receiving future telephone calls from Brief Call.  Indeed, the Complaint alleges that "Plaintiff never provided his consent or

7

requested . . . calls [from Brief Call]." (Cmplt. (Dkt. No. 1) ¶ 60)  Absent contradictory assertions in the Complaint or in documents incorporated by reference in the Complaint, Judge Netburn and this Court are obligated to "accept as true" – for purposes of Brief Call's motion to dismiss – the Complaint's allegation that Plaintiff never consented to or requested calls from Brief Call.  Kassner, 496 F.3d at 237.  Accordingly, Judge Netburn did not err in citing – for purposes of resolving Brief Call's motion to dismiss – Plaintiff's allegation that he did not consent to or request calls from Brief Call.  Brief Call's objection will therefore be overruled.

### B.     Legal Standard for *Pro Se* Litigants

Brief Call argues that Judge Netburn erred in citing the more lenient legal standard applicable to pro se litigants (see R&R (Dkt. No. 48) at 3-4), because Plaintiff is a "'professional plaintiff' of the TCPA" who has "lost his ability to assert pro se ignorance." (Brief Call Obj. (Dkt. No. 49) at 1)  In support of this objection, Defendant cites a May 3, 2023 decision from the Eastern District of Pennsylvania, in which that court – in the context of cross-motions for sanctions – said the following about Plaintiff's "petulan[t]" conduct in that case:

> Plaintiff does not deserve to benefit from the flexibility usually afforded to pro se litigants.  As a law student and habitual litigant with more legal experience, legal knowledge, and legal education than most pro se litigants, Plaintiff did not behave with the level of decorum and respect for this Court and his opposing counsel that he should know is required.  Such behavior will not be tolerated by this Court.  Plaintiff will be required to show cause as to why sanctions should not be granted in favor of the Defendants.

Perrong v. DVD II Grp., LLC, No. CV 23-361, 2023 WL 3229934, at *2 (E.D. Pa. May 3, 2023) (footnote omitted).

Brief Call did not address the pro se legal standard issue in its motion to dismiss, however, and matters not presented to a magistrate judge are generally not a proper ground for objection.  See, e.g., Kruger v. Virgin Atl. Airways, Ltd., 976 F. Supp. 2d 290, 296 (E.D.N.Y.

8

2013) ("A district court will ordinarily refuse to consider new arguments, evidence, or law that could have been, but was not, presented to the magistrate judge.").

In any event – while Judge Netburn quotes the standard boilerplate regarding pro se litigants in the legal standard section of her R&R (R&R (Dkt. No. 48) at 3-4) – she does not refer to it again in the substantive portion of her report, and there is no evidence that it played a role in her recommendations. Moreover, for the reasons discussed below, Brief Call's motion fails even absent the leniency generally afforded pro se litigants.

Brief Call's objection is overruled.

### C. TCPA-Related Objections

Brief Call has moved to dismiss Counts One, Two, and Four of the Complaint, which are premised on alleged violations of the TCPA or its implementing regulations. (Dkt. No. 44) Judge Netburn recommends that Brief Call's motion be denied as to all three counts. (R&R (Dkt. No. 48)) Brief Call does not object to Judge Netburn's recommendation concerning Count One, but it does object to her recommendations concerning Counts Two and Four. (Brief Call Obj. (Dkt. No. 49) at 2-6)

#### 1. Applicable Law

The TCPA makes it unlawful for "any person" to "make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice" to, inter alia, "any telephone number assigned to . . . any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii) (the "Charged Call Prohibition"). The implementing regulations exempt from the Charged Call Prohibition telemarketing calls made with the "prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization." 47 C.F.R. § 64.1200(a)(2).

9

The TCPA also makes it unlawful to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B) (the "Residential Line Prohibition")  The implementing regulations exempt from the Residential Line Prohibition calls "made by or on behalf of a tax-exempt nonprofit organization." 47 C.F.R. § 64.1200(a)(3)(iv).

The TCPA, 47 U.S.C. § 227(c), contemplates the creation of a national do-not-call registry. The statute's implementing regulations prohibit "telephone solicitation[s]" made to a "residential telephone subscriber" who is listed in the do-not-call registry. 47 C.F.R. § 64.1200(c)(2). The regulation's definition of "telephone solicitation" excludes calls made "by or on behalf of a tax-exempt nonprofit organization." 47 C.F.R. § 64.1200(f)(15)(iii).

Section 227(c)'s implementing regulations also require entities that make "call[s] for telemarketing purposes" to maintain "a written policy, available upon demand, for maintaining a do-not-call list," and to "maintain a record of a consumer's request not to receive further calls." 47 C.F.R. §§ 64.1200(d)(1), (6). The regulation requires that "[a] do-not-call request must be honored for 5 years from the time the request is made." Id. § 64.1200(d)(6). The regulation exempts "[t]ax-exempt nonprofit organizations" from these requirements, but not those acting on behalf of such organizations. Id. § 64.1200(d)(7).[2]

The TCPA creates a private right of action "to recover for actual monetary loss from . . . a violation [of the TCPA or its implementing regulations], or to receive $500 in damages for each such violation." 47 U.S.C. § 227(b)(3)(B), (c)(5).

---

[2] The exemption in 47 C.F.R. § 64.1200(d)(7) was removed from the implementing regulations effective July 20, 2023. See 47 C.F.R. § 64.1200 (effective July 20, 2023 to January 4, 2024). The version in effect at the time of the calls to Plaintiff – which occurred in April 2022 – contains the exemption set forth in § 64.1200(d)(7). See 47 C.F.R. § 64.1200 (effective March 10, 2022 to September 15, 2022).

### 2. Analysis

#### a. Counts One and Two

Counts One and Two of the Complaint assert that the three telemarketing calls that Plaintiff received in April 2022 violate the Charged Call Provision of the TCPA, because Brief Call used a prerecorded voice and an automated dialing system to call numbers for which Plaintiff is charged for each received call. (Cmplt. (Dkt. No. 1) ¶¶ 66-67, 71-72)

Brief Call does not object to Judge Netburn's analysis with respect to Count One, or to the bulk of her analysis with respect to Count Two. (Brief Call Obj. (Dkt. No. 49) at 2-4) Accordingly, these portions of the R&R are reviewed only for clear error.

As to Counts One and Two, Judge Netburn reasons as follows:

> The Complaint contains sufficient factual allegations to establish a plausible claim for relief under the Charged Call Prohibition. First, the Complaint pleads that Plaintiff is a person in the United States because he resides in Pennsylvania. Second, the Complaint plausibly establishes that the calls used a prerecorded voice and [an automatic telephone dialing system,] because Plaintiff states that he received identical messages on April 10 and April 17, and that those messages sounded prerecorded. Plaintiff argues that it may be inferred that Brief Call used [an automatic dialing system] because the calls used prerecorded messages and the 338 Number was called before the "higher" 947 Number. Third, the Complaint sufficiently pleads that Plaintiff was charged for the calls because both numbers are assigned to a VoIP telephone service that charges him for each call the numbers receive.
>
> Brief Call argues that it cannot be liable for violations under the Charged Call Prohibition because of the "nonprofit exemption" found in 47 C.F.R § 64.1200(a)(3)(iv). That provision shields entities acting "by or on behalf of a tax-exempt nonprofit organization" for calls made "to any residential line using an artificial or prerecorded voice." Brief Call cannot seek relief under this tax-exempt nonprofit exemption.
>
> First, in Count One, Plaintiff alleges that he received calls using an artificial or prerecorded voice and that he was charged for such calls, in violation of the Charged Call Prohibition under § 227(b)(1)(A)(iii). He does not allege a violation of the Residential Line Prohibition, under § 227(b)(1)(B), which prohibits calls using an artificial or prerecorded voice to a residential line. The tax-exempt nonprofit exemption, by its terms, is limited to calls made to a "residential line."

11

.

> Second, in Count Two, Plaintiff alleges that he received calls made using an [automatic dialing system]. The only exemption to liability under the [automatic dialing system] prohibition is for calls made with "the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization." 47 C.F.R § 64.1200(a)(2). Because Plaintiff alleges that he did not consent to receiving any calls using [an automatic dialing system], Brief Call cannot seek relief under this tax-exempt nonprofit exemption.
>
> Third, Brief Call also relies on the definition of "telephone solicitation," which exempts calls made by or on behalf of a tax-exempt nonprofit organization. See 47 U.S.C. § 227(a)(4)(C); 47 C.F.R. § 64.1200(f)(15)(iii). But the Charged Call Prohibition applies to "any call," and Plaintiff does not allege that the calls he received were "telephone solicitations."

(R&R (Dkt. No. 48) at 5-7)

This Court finds no error in Judge Netburn's reasoning with respect to Count One, which addresses Brief Call's use of an "artificial or prerecorded voice." Accordingly, Brief Call's motion to dismiss Count One will be denied.

As to Count Two, Brief Call objects to Judge Netburn's finding that Plaintiff adequately pleads the use of an "automatic telephone dialing system," as that term is defined in the TCPA. (Brief Call Obj. (Dkt. No. 49) at 2). In particular, Brief Call maintains that the allegations in the Complaint are insufficient to show that it used an automatic dialing system utilizing a "'a random or sequential number generator,'" as the TCPA requires. (Id. at 2 (quoting 47 U.S.C. § 227(a)(1)(A))) Given Brief Call's timely objection, the Court reviews this issue de novo.

The TCPA defines an "automatic telephone dialing system" to include "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). "There is a long and winding history of FCC and judicial attempts to construe this statutory language, portions of which have 'generated substantial questions over the years.'"

Rotberg v. Jos. A. Bank Clothiers, Inc., 345 F. Supp. 3d 466, 476 (S.D.N.Y. 2018) (quoting ACA Int'l v. Fed. Commc'ns Comm'n, 885 F.3d 687, 701 (D.C. Cir. 2018)).

In King v. Time Warner Cable Inc., 894 F.3d 473, 481 (2d Cir. 2018), the Second Circuit held that – to qualify as an automatic dialing system under the statute – "a device's current functions, absent any modifications to the device's hardware or software[,]" must satisfy the function requirements set out in 47 U.S.C. § 227(a)(1). More recently, the Supreme Court has held that "a necessary feature" of a dialing system under this definition is "the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." Facebook, Inc. v. Duguid, 592 U.S. 395, 409 (2021).

In its objections, Brief Call cites post-Duguid cases stating that – to qualify as an automatic dialing system under the statutory definition – the dialing mechanism must call numbers that are "'randomly or sequentially generated'" by the mechanism itself, and not "'use random or sequential numbers merely to select the dialing order of telephone numbers obtained by other means.'" (Brief Call Obj. (Dkt. No. 49) at 4 (quoting Cole v. Sierra Pac. Mortg. Co., Inc., No. 18-CV-01692-JCS, 2021 WL 5919845, at *3 (N.D. Cal. Dec. 15, 2021)), and citing Tehrani v. Joie de Vivre Hosp., LLC, No. 19-CV-08168-EMC, 2021 WL 3886043, at *6-7 (N.D. Cal. Aug. 31, 2021))) Brief Call contends that the Complaint's allegations regarding Brief Call's dialing mechanism are not sufficient to plausibly allege this element. (Id. at 3-4) Brief Call also argues that the Complaint's allegation that Brief Call "'physically programmed the automatic dialer to dial [Plaintiff's phone numbers]'" amounts to an admission that Brief Call's dialing system did not randomly or sequentially generate the numbers. (Id. at 3 (quoting Cmplt. (Dkt. No. 1) ¶ 59)

13

At the pleading stage, however, many courts have held that "indicators of automation and mass marketing" will suffice to plausibly allege the use of a qualifying dialing system. Rotberg, 345 F. Supp. 3d at 476-77. Because of "the difficulty of pleading facts regarding the technology used to make a call or send a text message absent discovery," courts have held that "alleged violations of the TCPA . . . need not be pled with particularity." Krady v. Eleven Salon Spa, No. 16CV5999MKBRML, 2017 WL 6541443, at *3 (E.D.N.Y. July 28, 2017) (quotation marks and citation omitted), report and recommendation adopted, No. 16CV5999MKBRML, 2017 WL 6542462 (E.D.N.Y. Dec. 21, 2017); see Norman v. Sito Mobile Sols., No. CV 17-2215, 2017 WL 1330199, at *3 (D.N.J. Apr. 6, 2017) ("[C]ourts permit the allegation of an automatic system to be pled on information or belief, but require additional factual information, such as the absence of a relationship between the parties and the random nature of the automation device."); Duguid v. Facebook, Inc., No. 15 CV 00985, 2016 WL 1169365, at *4 (N.D. Cal. Mar. 24, 2016) ("Because it may be difficult for a plaintiff to identify the specific type of dialing system used without the benefit of discovery, courts have allowed TCPA claims to proceed beyond the pleading stage where a plaintiff's allegations support the inference that an [automatic dialing system] was used."); McCabe v. Caribbean Cruise Line, Inc., No. 13-CV-6131, 2014 WL 3014874, at *4 (E.D.N.Y. July 3, 2014) ("[Allegations that the call . . . contained a 'prerecorded message' and was made by an 'automatic-dialing mechanism,' are sufficient to plausibly state a claim [under the TCPA]. . . ." (citation omitted)).

Here, the Complaint alleges that (1) Plaintiff had no prior relationship with Defendants; (2) Plaintiff received two phone calls from Defendants in the span of a week in which identical, pre-recorded messages were played soliciting a donation to the Veteran Police Association; (3) an Automatic Telephone Dialing System ("ATDS") was used to make the calls

14

to Plaintiff; and (4) the calls were made randomly or sequentially. (Cmplt. (Dkt. No. 1) ¶¶ 41, 44, 48-49, 50-54) The Complaint also explains why the circumstances of the calls indicate the use of an ATDS and the dialing of numbers randomly or sequentially. (Id. ¶¶ 50, 52-54) Under the case law cited above, these facts are sufficient to plausibly allege that Brief Call used an automatic dialing system that dialed numbers randomly or sequentially.

The Complaint's allegation that Defendants "physically programmed the automatic dialer to dial [Plaintiff's phone numbers]" does not undermine this conclusion. (Id. ¶ 59) Reading this allegation in the context of the Complaint as a whole, it is clear that Plaintiff is alleging that Brief Call "physically programmed" the ATDS such that it would make random or sequential calls, some of which resulted in Brief Call's contact with Plaintiff.

Defendant's objection to Judge Netburn's analysis regarding Count Two is overruled, and Brief Call's motion to dismiss Count Two will be denied.

### b. Count Four

Count Four alleges that Brief Call violated the TCPA's implementing regulations, 47 C.F.R. § 64.1200, by (1) "placing . . . calls to the Plaintiff, whose numbers are on the Do-No-Call registry"; (2) "failing to have a written Do-Not-Call policy"; and (3) "failing to maintain Plaintiff on their Do-Not-Call list." (Id. ¶¶ 80-84)

Brief Call argues that it is not liable under Count Four because it falls within the "nonprofit exemption," and Plaintiff has not adequately alleged that the Veteran Police Association is a "sham charity." (Brief Call Br. (Dkt. No. 44) at 3-7; Brief Call Reply (Dkt. No. 47) at 2-4).

In her R&R, Judge Netburn rejects Brief Call's arguments on two grounds. Judge Netburn first finds that – on a motion to dismiss – the court is "limited to the four corners of the Complaint and cannot consider Brief Call's arguments about the [nonprofit] status of [Veteran

15

Police Association]," which the Complaint alleges is a "sham charity." (R&R (Dkt. No. 48) 7-8; Cmplt. (Dkt. No. 1) ¶ 28) Judge Netburn then concludes that – under the TCPA's implementing regulations – "[o]nly tax-exempt nonprofit organizations themselves[, and] not those acting on their behalf," are excused from Section 64.1200(d)'s requirements regarding the creation of a do-not-call list and the maintenance of records showing compliance with consumer requests to be put on the do-not-call list. (Id.)

In its objections, Brief Call argues – as it did in its moving papers – that it falls within the "nonprofit exemption," and that the Complaint does not adequately allege that the Veteran Police Association is a "sham charity." (Compare Brief Call Br. (Dkt. No. 44) at 3-8 and Brief Call Reply (Dkt. No. 47) 2-4, with Brief Call Obj. (Dkt. No. 49) at 4-6) Because Brief Call's objections merely "rehash[] . . the same arguments set forth in [its] original [moving papers]," this Court reviews Judge Netburn's conclusions regarding Count Four for clear error. Phillips, 955 F. Supp. 2d at 211 (internal quotation marks and citations omitted) (final brackets in original).

In concluding that Brief Call's motion to dismiss should be denied as to Count Four, Judge Netburn reasons as follows:

> First, 47 C.F.R. § 64.1200(c)(2) prohibits an entity from initiating any "telephone solicitation" to a "residential telephone subscriber" who has registered on the National Do Not Call Registry. The term "telephone solicitation" excludes calls made "by or on behalf of a tax-exempt nonprofit organization." See 47 C.F.R. § 64.1200(f)(15)(iii).
>
> Plaintiff alleges that he has registered his numbers on the National Do Not Call Registry and, thereafter, received calls from Brief Call. Brief Call argues that it is shielded from liability because it was making calls "on behalf of" the [Veteran Police Association], which it claims is a tax-exempt nonprofit organization. At this stage, however, the Court is limited to the four corners of the Complaint and cannot consider Brief Call's arguments about the status of [the Veteran Police Association]. See Spiegel v. Reynolds, No. 15-C-8504, 2016 WL 6877625, at *7 (N.D. Ill. Nov. 22, 2016) (denying a motion to dismiss where, as here, the defendants claimed to be calling on behalf of a tax-exempt nonprofit organization,

> but the plaintiff alleged in their complaint "that the primary purpose for the calls was to line the Defendants' pockets . . . ."); see also NLRB v. Ky. River Cmty. Care, Inc., 532 U.S. 706, 711 (2001) (noting the "general rule of statutory construction" that the burden of proving exemption from the prohibitions of a statute "generally rests on one who claims its benefits"). Accordingly, the Court cannot accept Brief Call's assertion that it is exempt for working on behalf of a tax-exempt nonprofit organization when Plaintiff does not allege that [the Veteran Police Association] qualifies as such.
>
> Second, 47 C.F.R. § 64.1200(d) requires entities that make "telemarketing" calls to a "residential telephone subscriber" to have a written policy for maintaining a do-not-call list and to honor requests to be placed on the list for five years. Plaintiff alleges he requested to be placed on Brief Call's internal do-not-call list and requested a copy of Brief Call's written policies regarding such list and received nothing. Brief Call argues that it is shielded from liability because it was making calls on behalf of the [the Veteran Police Association].
>
> Unlike the definition of "telephone solicitation," the definition of "telemarketing" does not exclude calls made by or on behalf of a tax-exempt nonprofit organization. See 47 C.F.R. § 64.1200(f)(13). Only tax-exempt nonprofit organizations themselves – not those acting on their behalf – are not required to comply with § 64.1200(d). See 47 C.F.R. § 64.1200(d)(7). Because there is no allegation that Brief Call itself is a tax-exempt nonprofit organization, no exemption is available to shield it from liability under § 64.1200(d)

(R&R (Dkt. No. 48) at 7-8)

This Court finds no error in Judge Netburn's analysis. Accordingly, Brief Call's objection is overruled, and Brief Call's motion to dismiss Count Four will be denied.

### III.   PENNSYLVANIA TELEMARKETER REGISTRATION ACT CLAIM

Count Three alleges that Brief Call violated the Pennsylvania Telemarketer Registration Act by calling Plaintiff "without registering as telemarketers under Pennsylvania Law." (Cmplt. (Dkt. No. 1) ¶ 75)

Brief Call seeks dismissal of Count Three on the grounds that – when all federal claims are dismissed – a federal court should not exercise supplemental jurisdiction over a remaining state law claim. (Brief Call Br. (Dkt. No. 44) at 8-9)

17

As discussed above, Judge Netburn recommends that Brief Call's motion to dismiss Plaintiff's federal claims be denied, and that this Court exercise supplemental jurisdiction over Plaintiff's state law claim in Count Three, because that claim and the federal claims arise from "'a common nucleus of operative fact.'" (R&R (Dkt. No. 48) at 9 (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)))

This Court finds no error in Judge Netburn's analysis. Accordingly, Brief Call's motion to dismiss Count Three will likewise be denied.

## CONCLUSION

For the reasons stated above, Defendant Brief Call's motion to dismiss is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 44).

Dated: New York, New York
       March 29, 2024

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge